FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 06, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CLINTON HECK, <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL KLEMKE, <br><br> Defendant. | No. 2:19-cv-00140-SAB <br><br> **ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

Before the Court are Plaintiff's Motions for Summary Judgment, ECF No. 25, and Defendant's Cross-Motion for Summary Judgment, ECF No. 27. The motions were heard without oral argument. Plaintiff is proceeding *pro se*. Defendant is represented by Assistant Attorney General Katherine J. Faber.

Plaintiff Clinton Heck, a prisoner in the custody of the Washington State Department of Corrections, is bringing a claim under 42 U.S.C. § 1983, alleging that Defendant Michael Klemke intentionally withheld his decision reversing Plaintiff's disciplinary appeal so that Plaintiff would be transferred to a harsher living condition at the Washington State Penitentiary. Plaintiff alleges that this was done to chill his efforts to pursue his grievances.

//

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1**

## Motion Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the initial burden of showing the absence of a genuine issue of fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). An issue of material fact is genuine if there is sufficient evidence of a reasonable jury to return a verdict for the non-moving party. *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010). The non-moving party cannot rely on conclusory allegations alone to create an issue of material fact. *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993). If the moving party meets its initial burden, the non-moving party must then go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The parties must support assertions by citing to particular parts of the record or show that the materials cited do not establish the absence or presence of a genuine dispute of material fact. Fed. R. Civ. P. 56(c). However, a court may neither weigh the evidence nor assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255; *see also Cortez v. Skol*, 776 F.3d 1046, 1050 (9th Cir. 2015).

In addition to showing there are no questions of material fact, the moving party must also show it is entitled to judgment as a matter of law. *Smith v. Univ. of Wash. Law Sch.*, 233 F.3d 1188, 1193 (9th Cir. 2000). The moving party is entitled to judgment as a matter of law when the non-moving party fails to make a sufficient showing on an essential element of a claim on which the non-moving party has the burden of proof. *Celotex*, 477 U.S. at 323.

When considering a motion for summary judgment, a court may neither weigh the evidence nor assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."

*Anderson*, 477 U.S. at 255. When parties file simultaneous cross-motions for summary judgment, the court reviews each motion and the appropriate evidentiary material identified in support of the motion separately, giving the nonmoving party for each motion the benefit of all reasonable inferences. *Brunozzi v. Cable Commc'ns, Inc.*, 851 F.3d 990, 995 (9th Cir. 2017).

### Plaintiff's Claim

Prisoners have a First Amendment right to file prison grievances and to pursue civil rights litigation to the courts. *Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2005). Within the prison context, in order to successfully bring a claim of First Amendment retaliation, a prisoner must establish five elements: (1) a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal. *Id.*

### Facts

Plaintiff was previously housed at Airway Heights Corrections Center (AHCC), a DOC facility in Airway Heights, Washington. Defendant is a Correctional Program Manager at AHCC.

On December 12, 2018, Plaintiff was told that he would be moving to a different wing. He refused the cell assignment. As a result, he was placed in administrative segregation and he received a serious infraction. At the disciplinary hearing held on December 18, 2018, he was found guilty of the infraction.

Plaintiff appealed the guilty finding on the same day. He stated there was a verified keep separate order between him and someone on the B-side of the T-Unit, which is where he was to move. A separation was entered in the OMNI (Offender Management Network Information) on December 27, 2018, although the separation should have been entered prior to when Plaintiff was infracted for refusing the move.

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 3

Defendant Klemke reviewed Plaintiff's appeal on December 31, 2018. After reviewing the separation in OMNI, Defendant concluded that Plaintiff's infraction should be reversed. In his decision, Defendant wrote, "[i]n reviewing OMNI I see there is a separation entered by IIU Greene for a unit separation from another individual housed in T-Unit. I contacted IIU Greene and verified that this should have been in place prior to the incident for which you were infracted. Therefore the infraction is being dismissed." ECF NO. 30, at 7. Once he completed the appeal, he used interoffice mail to return his appeal decision to the Hearings Department at AHCC. The Hearings Department is responsible for entering appeal decisions into the computer system.

Plaintiff filed an Offender's Kite on December 27, 2018. He asked:

> Why is my appeal taking so long? Policy says 10 business days and a prompt response. I feel like you are intentionally delaying so I get transferred. This feels like you are retaliating against me for filing all those grievances. Please hurry. I'm about to be sent to WSP – IMU 23 hour lock down.

ECF No. 25-5.

Plaintiff filed another Kite on December 31, 2018. He asked that DOC take another look at his infraction. A response to the Kite, dated January 8, 2019, states: "It appears this is currently under appeal. Please wait for the process to complete."

On the same day as his disciplinary hearing, a new Custody Facility Plan was initiated for Plaintiff by Michael Kerr with the recommendation that Plaintiff demote to close/maximum custody and transfer to another prison facility. He was referred for a classification change based on his infraction history of AHCC, including an April 6, 2018 infraction for unauthorized drugs/paraphernalia, a June 1, 2018 serious infraction for possessing, or receiving a positive test for use of drugs or alcohol, as well as the December 2018 infraction.

A classification hearing was held on December 18, 2018 to discuss the recommendation to demote Plaintiff to close/maximum custody. Plaintiff

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 4**

participated in the hearing. Plaintiff's Custody Facility Plan was reviewed by four DOC employees on various dates—December 20, 2018, December 21, 2018, and December 28, 2018. Plaintiff's Custody Facility Plan recommending his custody demotion and transfer continued to be reviewed by DOC staff. Ultimately, it was determined that Plaintiff was to be assigned to maximum custody and transfer him to the Washington State Penitentiary, Intensive Management Unit. He was transferred on January 15, 2019.

Plaintiff followed up with the classification staff at the WSP and asked about the fact that his latest infraction was overturned. A new custody facility plan was initiated for Plaintiff on February 13, 2019. On February 21, 2019, Plaintiff was promoted to medium custody and assigned to transfer back to AHCC.

### DOC Grievance Program

While in DOC custody, offenders may file grievances challenging: 1) DOC institution policies, rules, and procedures; 2) the application of such policies, rules, and procedures; 3) the lack of policies, rules, or procedures that directly affect the living conditions of the offender; 4) the actions of staff and volunteers; 5) the actions of other offenders; 6) retaliation by staff for filing grievances; and 7) physical plant conditions. ECF No. 28. Offenders may also file Employee Conduct grievances. *Id.* An Employee Conduct grievance is defined as, "[a] grievance against a specific, identified employee, contract staff, or volunteer under jurisdiction of the local facility or community corrections office, for alleged inappropriate demeanor, language or actions. Grievances alleging retaliation for participation in the Offender Grievance Program are also considered Employee Conduct grievances." *Id.* Grievance Coordinators will not investigate Employee Conduct grievances. *Id.* Instead, grievances accepted as Employee Conduct grievances are sent directly to the Superintendent/designee for review and investigation as Level II grievances. *Id.*

Since March 1, 2005, offenders have 20 working days from the date of an

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 5**

incident to file a grievance. *Id.* An exception to this filing timeframe is allowed if there is a valid reason for the delay. *Id.* This timeframe does not apply to complaints against a specific written policy. *Id.* The Grievance Coordinators are authorized to wave the normal 20 day filing timeframe in which to submit a complaint if the offender presents documentation of their attempts to resolve a conflict through a contractor's review process and allows the coordinator to photocopy the documentation for the grievance record. *Id.*

An offender may also file only one complaint about the same issue or incident. *Id.* Grievance staff will return a complaint to an offender if multiple complaints about the same issue or incident have been filed, along with instructions to rewrite the complaints into one simple, clear, and concise complaint. *Id.* Subsequent complaints regarding the same issue or incident will be assigned the same Log ID Number as the original complaint, and only one Level 0 complaint will be accepted to the next level. *Id.*

In May 2019, Plaintiff submitted a grievance alleging that Frank Rivera retaliated against him by waiting until after he was transferred to find him not guilty of an infraction. *Id.* Although Plaintiff did not date the grievance, it was received by the grievance office on May 10, 2019. *Id.* The grievance coordinator did not accept Plaintiff's grievance because the grievance was concerning an infraction Plaintiff received in December 2018. *Id.* Under the Offender Grievance Program, Plaintiff had 20 working days from the date of the incident to submit his grievance. *Id.* By submitting the grievance in May of 2019, Plaintiff was beyond time frame.

Plaintiff then submitted a grievance on May 15, 2019, claiming that Defendant Michael Klemke retaliated against him for filing grievances by intentionally withholding a decision on his disciplinary appeal until after he had transferred. *Id.* This grievance was included with the Rivera grievance since the subject matter was the same as that grievance. *Id.* The grievance coordinator did

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 6**

not accept the grievance because only one complaint about the same issue or incident may be filed. *Id.*

## Exhaustion of Administrative Remedies

42 U.S.C. § 1997(e) provides:

(a) Applicability of administrative remedies

No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Exhaustion is necessary even if the prisoner is seeking relief that the administrative process does not provide. *Booth v. Churner*, 532 U.S. 731, 741 (2001) (holding administrative exhaustion is required even where grievance process does not permit award of money damages and prisoner seeks only money damages, as long as grievance tribunal has authority to take some responsive action). That said, an inmate is required to exhaust only *available* remedies. *Albino v. Baca*, 747 F.3d 1162, 1171 (9th Cir. 2014) (emphasis in original, citation omitted). To be available, a remedy must be available "as a practical matter"; it must be "capable of use; at hand." *Id.* (citation omitted).

Failure to exhaust under the PLRA is "an affirmative defense the defendant must plead and prove." *Jones v. Bock*, 549 U.S. 199, 204 (2007). Once the defendant has carried that burden, the prisoner has the burden of production in which the prisoner must put forward evidence showing there is something in his or her particular case that made the existing and generally available administrative remedies effectively unavailable to him. *Albino*, 747 F.3d at 1172. That said, the ultimate burden of proof remains with the defendant. *Id.*

## Analysis

Defendant has met his burden of showing that a grievance procedure was available to Plaintiff and that Plaintiff failed to exhaust his administrative

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 7**

remedies. Consequently, the burden shifts to Plaintiff to show that there was something in his particular case that made these administrative remedies effectively unavailable to him. He has failed to do so.

Plaintiff argues that he did not file a grievance against Defendant Klemke because he believed the infractions have their own appeal procedure and are not grievable through the Offender Grievance Program. However, this case is not about Plaintiff's infraction. Rather, he is suing Defendant Klemke for retaliation due to the delay in processing his appeal. Defendant has shown that alleged retaliation on the part of a DOC employee is grievable. Notably, Plaintiff filed a grievance related to Defendant Klemke's retaliation and the grievance was rejected not because the issue was not grievable but because the grievance was submitted past the 20-day timeline. As such, Plaintiff's § 1983 claim for retaliation due to the delay in processing his appeal is dismissed for failure to exhaust.

Moreover, a reasonable jury, after reviewing the evidence that has been presented in the record, would not find that Defendant Klemke retaliated against Plaintiff because Plaintiff filed grievances.[1] The record demonstrates that Defendant Klemke processed his appeal and placed it in interoffice mail. While the record demonstrates that as of January 8, 2019, the appeal had not been processed by the Hearing Department, there is nothing in the record to indicate that Defendant Klemke caused or had any responsibility for any delay.

//
//
//
//
//
//

---

[1] Defendant reported that Plaintiff filed four grievances during December, 2018.

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 8**

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Summary Judgment, ECF No. 25, is **DENIED**.
2. Defendant's Motion for Summary Judgment, ECF No. 27, is **GRANTED**.
3. The District Court Executive is directed to enter judgment in favor of Defendant and against Plaintiff.

**IT IS SO ORDERED**. The District Court Executive is directed to enter this Order, forward a copy to Plaintiff and counsel and close the file. The Court finds that an appeal of this Order would not be taken in good faith.

**DATED** this 6th day of December 2019.



Stanley A. Bastian
United States District Judge

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 9**